**First Seneca Bank v. Keller**

*Charles J. Parks*, for plaintiff.

*Charles W. Garbett,* for defendants.
*Thomas W. Leslie,* for garnishees.

CAIAZZA, *J.,* April 6, 1989 — The facts here are fundamentally undisputed. Plaintiff First Seneca Bank served a writ of execution on the garnishee, First National Bank of Western Pennsylvania, on August 13, 1987. Certain property of defendants, Stanley Kelller and Joan Keller then in the possession of First National were attached in the action instituted by Seneca. Relatedly, Seneca served a series of interrogatories upon First National for the purpose of determining the precise assets of Keller then in the possession of First National.

The response to the interrogatories revealed that First National held three individual retirement accounts of Keller. In its answer First National communicated the monetary balance in each IRA account to First Seneca and specifically identified the accounts as being IRAs. Relatedly, First National forwarded a certified letter to Keller on August 19, 1987, identifying the specific accounts and commenting that "[W]e have no alternative at this time but to place a freeze on the above account . . . " Keller claims that the writ of execution was not enclosed in the letter; First National claims that it was a part of the August 19, 1987 communication. There is one fact' which is undisputed; First National did not include a copy of the answer to interrogatories in its letter to Keller.

Lastly, on September 11, 1987 First National released to Seneca the funds in the Keller IRA account. Significant to the ultimate resolution of this issue, Keller did not claim any exemptions that he may have been entitled to under any relevant provision of the law. See Pa.R.C.P. 31429(a) and 42 Pa.C.S. §8142(b)(1)(viii).

Title 42, Judiciary and Judiciary Procedure, section 8142(b)(1)(viii) states that:

"(b) *Retirement funds and accounts* — (1) except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment.

"(viii) Any retirement or annuity fund of any self-employed person (to the extent of payments thereto made while solvent, but not exceeding the amount actually excluded or deducted as retirement funding for federal income tax purposes) and the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder."

Pa.R.C.P. 3142(a) states:

"The defenses of immunity or exemption of property from attachment or a question of jurisdiction over the garnishee may be raised by preliminary objections filed by the defendant or the garnishee."

In similar fashion, Pa.R.C.P. 3136(d) states:

"The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than 10 days after the filing of the proposed schedule."

The initial isssue which must be determined here is whether Keller has waived his right to claim an exemption from execution by failing to comply with the provisions of Pa.R.C.P. 3142(a).

Because of feudal policy, at common law all of the property of a debtor was subject to execution in satisfaction of his debts. Even his liberty was placed at peril. Gradually, as the common law was modified, a debtor was provided with certain exemptions only sufficient for the express purpose of modest but reasonable rehabilitation. The reasoning was clear; perhaps the debtor would not become a public

charge if he was allowed to keep his bedding, his cow and his spinning wheel. A humane tendency then began to surface in the law which protected a helpless or extravagant debtor against a fair or avaricious creditor. Through the years there then developed a series of legislative enactments which fostered a concern for the plights of debtors. A thorough discussion of the rights of debtors can be found in *Mayhugh v. Coon,* 460 Pa. 128, 331 A.2d 452 (1975). *Mayhugh* basically held that the provision of a statute relating to an exemption of a portion of a debtor's property from levy and sale on execution could not be waived either expressly or by implication.

Although the exemption rights which were specifically discussed in *Mayhugh, supra,* differed from the exemption rights now claimed by Keller, the reasoning in the case sub judice is similar and equally appropriate. Consequently, here Keller cannot waive, either expressly or by implication, the exemption afforded to him by the law.

The purpose of the IRA exemption is to protect the retirement funds set aside by a debtor. In order to both retain the "modicum of economic stability" referred to in *Mayhugh* and to advance a strong and obvious public policy, the funds deposited in a retirement account should be placed beyond the reach of a creditor seeking to satisfy the obligation of a debtor, albeit a just one. The recognition of a policy which prohibits the voluntary waiver of an IRA account advances the interest of both the public and an individual who must make a personal monetary investment in a fund which will provide him with an adequate income when he arrives at the threshold of his retirement. It would be utterly absurd to hold that the Pennsylvania legislature would intend to permit such a strong public policy

to be frustrated and circumvented merely because the debtor failed to comply with the provisions of the Pennsylvania Rules of Civil Procedure.*

Because of the manner in which the court had decided this case, the remaining issues raised and briefed by counsel will not be addressed.

## ORDER OF COURT

Now, April 6, 1989, in accordance with the appended opinion, First Seneca Bank is hereby directed to return to First National Bank of Western Pennsylvania the garnished funds which formerly constituted the individual retirement accounts of Stanley Keller and Joan Keller. Also, the funds shall be supplemented by First Seneca Bank to reflect the appreciation which would have been earned if the accounts had remained on deposit at First National Bank of Western Pennsylvania.

---

*In entering its order, the court is cognizant of the right of an individual to withdraw the funds which he voluntarily places in an IRA account. That option is not available to many employees whose employers aid them in funding of a pension plan. However, funds placed in retirement accounts by employers and employees are not generally subject to execution by a creditor of the employee. The fact that an individual who labors in the private sector (as an entrepreneur or otherwise) opts to make a personal commitment to his own pension plan which remains fundamentally under his control is an insufficient reason to circumvent the strong public policy interest espoused by the Pennsylvania courts.